OPINION OF THE COURT
Michael A. Gary, J.
On January 25, 1995, defendant pleaded guilty to the class E felony, aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [3]). The defendant was promised a sentence of probation. At the time of the plea, the People insisted that a fine of not less than $500 be imposed as mandated by the statute. Defendant, to the contrary, asserts that a fine is not mandatory under Vehicle and Traffic Law § 511 (3), and now moves the court not to impose such fine.
In her moving papers, defense counsel has traced the evolution of the punishment section of the statute (Vehicle and Traffic Law § 511 [3] [b]) and interprets the changes that occurred, as follows:
"The Legislature clearly removed the requirement that the court impose a fine and probation when it modified the statute *975 to its current state. Prior to 1995[*] the pertinent part of the statute read, 'the sentence of the court must be: (i) a fine as provided in the penal law, but in an amount not less than five hundred dollars; and either (ii) a term of imprisonment * * * or (iii) * * * a sentence of probation’.
"However, when the statute was amended, the word either was deleted thereby unequivocally removing the legislature’s mandate that the court impose both a fine and probation.” (Defendant’s motion, at 5 [emphasis supplied].)
This court has examined the laws enacting the changes in the Vehicle and Traffic Law, to which defense counsel refers. Unfortunately for defendant, the selective use of ellipses negates what this court believes to be the correct legislative intention.
In subdivision (3) (b) the word "either” was, in fact, deleted by the Laws of 1990 (ch 786, § 2 [this chapter also added clause [iv], allowing the imposition of a "split sentence”]). But, in an effort to "clarify * * * the mandatory minimum fine applicable to. violations of the vehicle and traffic law” (emphasis added), the Legislature, in the Laws of 1990 (ch 892, § 1), made additional changes. The Legislature removed the reference to the amount of fine to be fixed as provided in the penal law, set a maximum amount fine, and passed a concomitant provision in Penal Law § 80.00 (6), that states as follows: "Notwithstanding any inconsistent provision of subdivision one of this section a sentence to pay a fine for a felony set forth in the vehicle and traffic law shall be a sentence to pay an amount fixed by the court in accordance with the provisions of the law that defines the crime.” This statute requires that all references to fines be made to the corresponding Vehicle and Traffic Law provision — not to the Penal Law. Further reading of section 511 (3) (b) reinforces this interpretation; each option for sentencing specifically refers to whether the Penal Law provision or the Vehicle and Traffic Law provision governs the sentence to be imposed.
The removal of the word "either” by the Legislature does not eliminate the mandate to impose the fine in clause (i); the "either” modified only clauses (ii) and (iii). Though now there is an additional clause (cl iv), the option of a split sentence, nothing in the legislative history indicates the desire by the lawmakers to remove the payment of a fine as a penalty for this crime. Notably, the Sentence Charts, McKinney’s Consoli *976 dated Laws of New York (at 22 [1995 ed]) capitalizes the word "and” when referring to the fine as accompaniment to the possible sentences for a violation of Vehicle and Traffic Law §511 (3), of a jail term and/or probation.
Accordingly, defendant’s motion to have the court modify the sentence provisions in the Vehicle and Traffic Law is denied.

 The latest legislative changes occurred in 1993.